NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
JAIRO POSADA                            :
                                        :
            Plaintiff,                  :        **Hon. Dennis M. Cavanaugh**
                                        :
v.                                      :              **OPINION**
                                        :
BIG LOTS, INC., CLOSEOUT                :        Civil Action No. 10-CV-5693(DMC)(MF)
DISTRIBUTION, INC., XYZ                 :
CORPORATIONS 1-10,                      :
                                        :
            Defendants.                 :
_____


DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before the Court upon motion by Big Lots, Inc. ("Big Lots") and Closeout

Distribution, Inc. ("Closeout Distribution") (collectively, "Defendants") to dismiss Plaintiff's Complaint

for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for improper venue

pursuant to Rule 12(b)(3), for failure to state a claim pursuant to Rule 12(b)(6), or, in the alternative, for

transfer pursuant to 28 U.SC. § 1404(a).  Pursuant to Federal Rule of Civil Procedure 78, no oral

argument was heard.  For the reasons set forth below, Defendants' motion to dismiss for improper venue

is **granted,** and this case is **transferred** to United States District Court for the Eastern District of

Pennsylvania.

**I.    BACKGROUND**[1]

     Jairo Posada ("Plaintiff") was employed as an independent truck driving contractor for H&M

---

[1] These facts have been adopted from the parties' respective submissions.

Transport.  Plaintiff alleges that Defendants had a contract with H&M Transport for delivery and trucking services.  On January 10, 2009, Plaintiff alleges he arrived at a Big Lots distribution center located at 50 Rausch Creek Road, Borough of Tremont, County of Schuylkill, State of Pennsylvania (the "distribution center").  Big Lots is an Ohio corporation with its principal place of business in Ohio.  Closeout Distribution is a Pennsylvania corporation with its principal place of business in Ohio.  Closeout Distribution, which operates the distribution center, is a subsidiary of Big Lots.

Plaintiff alleges that Defendants had a duty to maintain the conditions of the premises at the distribution center, but that when he arrived at the distribution center on said date, the conditions were unreasonably dangerous due to an accumulation of snow and ice, including black ice.  Plaintiff alleges Defendants failed to take reasonable action to inspect, remedy, or repair the conditions of the distribution center, and these failures constituted a breach of the duty of care owed to Plaintiff.  As a result, Plaintiff alleges he was seriously injured in a slip and fall accident, and demands judgment against Defendants for compensatory damages, interest, attorneys fees and costs of suit, and such additional relief as this Court deems just and equitable.

## II.   IMPROPER VENUE

Venue is governed by 28 U.S.C. § 1391.  Section 1391(a) provides, that in civil actions based on diversity, a case may:

> be brought only in (1) a judicial district where any defendant resides, if *all* defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

Id. (emphasis added).  A corporation is "deemed to reside in any judicial district in which it is subject to

2

personal jurisdiction at the time the action is commenced." Id. at 1391(c).

Venue clearly is proper in the Eastern District of Pennsylvania pursuant to Section 1391(a)(2) as that is where the distribution center is located and the accident at issue occurred. Given that the claims here revolve *entirely* around the conditions at the distribution center, and Plaintiff's slip and fall accident therein, this Court finds there is no other district where a "substantial part of the events or omissions giving rise to the claim occurred." Id. at 1391(a)(2). Since there is a district where the action may otherwise be brought, namely Eastern District of Pennsylvania, venue cannot be premised in this district pursuant to Section 1391(a)(3). Accordingly, venue can *only* be proper in this district if, pursuant to Section 1391(a)(1), Big Lots and Closeout Distribution were *both* subject to personal jurisdiction in this district, and therefore *both* deemed to reside in New Jersey.

For a court to exercise personal jurisdiction over a defendant, the defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. V. Rudzewicz, 471 U.S. 462, 475 (1985) (internal citations omitted). In other words, "[a] court may exercise jurisdiction over a defendant if the defendant has specific or general contacts with the forum." See Horton v. Martin, 133 Fed. Appx. 859, 860 (3d Cir. June 15, 2005). General jurisdiction exists when the defendant has "continuous and systematic conduct in the forum that is unrelated to the subject matter of the lawsuit." Associated Bus. Tel. Sys. Corp. v. Danihels, 829 F.Supp. 707, 711 (D.N.J. 1993). Specific jurisdiction exists "when the particular cause of action at issue arose out of the defendant's contacts with the forum." Id. "Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Horton, 133 Fed. Appx. at 860. While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of

3

the plaintiff .... the plaintiff cannot rely on the pleadings alone but must provide actual proofs." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F.Supp.2d 629, 633 (D.N.J.2004). If minimum contacts are established, "the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id.

This Court will first address whether personal jurisdiction is satisfied as to Closeout Distribution. Closeout Distribution argues that it is a Pennsylvania corporation whose business is limited solely to operating the distribution center at issue in this case. Closeout Distribution argues that it has no contacts of any kind with the state of New Jersey, and therefore there is no personal jurisdiction and venue is improper.

Plaintiff argues that Closeout Distribution is subject to personal jurisdiction and venue is proper because it is a subsidiary of Big Lots and operates a distribution center that frequently serves as a drop off/pick up point for interstate deliveries, including deliveries to New Jersey.[2]  Additionally, Plaintiff argues that Plaintiff was a trucker from New Jersey, and Closeout Distribution should have known it was "availing itself to New Jersey drivers."  Pl. Br. at 12.

This Court finds Plaintiff's arguments unavailing.  The fact that Closeout Distribution is a subsidiary of Big Lots is not sufficient in and of itself to confer personal jurisdiction over Closeout Distribution.  Subsidiaries and parent corporations are distinct legal entities, and this Court finds no

---

[2]Plaintiff argues that Closeout Distribution has "admitted" in a separate and unrelated case (the "Merritt Case") that it is subject to personal jurisdiction in New Jersey.  In response, Closeout Distribution has indicated that any failure to contest jurisdiction and venue were unintentional, and based on a lack of information by counsel.  Regardless, this Court is not persuaded that Closeout Distribution's "admission" in a *separate*, *unrelated* case is controlling here, and Plaintiff has pointed to no case law supporting his position that Closeout Distribution's prior "admission" is binding in the current litigation.  The Court does note that the Merritt Case has been transferred to the Eastern District of Pennsylvania.

reason to impute Big Lots' alleged contacts onto Closeout Distribution.  Additionally, the fact that Closeout Distribution operates a distribution center that serves as a drop off/pick up location for interstate deliveries is not a basis for finding that Closeout Distribution purposefully availed itself of the laws and benefits of the states where those deliveries were made.  Likewise, this Court cannot find Closeout Distribution had continuous and systematic contacts with New Jersey simply based on the fact that deliveries from the distribution center go to New Jersey, particularly since the deliveries are made by independent trucking companies.  Finally, this Court cannot impute Plaintiff's unilateral contacts, i.e. driving to and from New Jersey, onto Closeout Distribution.

In sum, this Court is not persuaded that personal jurisdiction exists as to Closeout Distribution. Since Closeout Distribution is not subject to personal jurisdiction in New Jersey, it cannot be deemed to reside in New Jersey.  See 28 U.S.C.§1391(c).  However, in order to satisfy 28 U.S.C. §1391(a)(1) *both* Big Lots and Closeout Distribution have to reside in New Jersey.  See id. at §1391(a)(1) ("a judicial district where any defendant resides, if *all* defendants reside in the same State") (emphasis added). Accordingly, this Court finds venue in this district is improper.

## III.   TRANSFER

Since venue is not proper in this district, transfer is governed by 28 U.S.C. § 1406. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case.").  Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As noted above, this case concerns an accident that occurred at a distribution center in Tremont, Pennsylvania and venue is proper in the Eastern District of Pennsylvania.  Accordingly, this Court finds that, in the interests of justice, the case should be transferred to the United States District Court for the Eastern District of Pennsylvania.

**IV.**   **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for improper venue is granted, and this case is transferred to United State District Court for the Eastern District of Pennsylvania.

       S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date | September  29 , 2011 |
| Original: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Mark Falk, U.S.M.J. |
| | File |